**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

     **vs.**                                  **CASE NO.8:97-CR-253-T-24EAJ**

**JAMES SAMPSON**
    **Defendant**

**ORDER**

    This matter is before the Court on the Defendant's Petition for Sentence Reduction Pursuant to 18 U.S.C. §3582 (c)(2). (doc.154).  Petitioner/Defendant argues that amendment 591 to the United States Sentencing Guidelines results in his entitlement to a sentence reduction. This Court disagrees. Amendment 591 was effective November 1, 2000.  It modified sections 1B1.1(a) and 1B1.2(a) of the U.S.S.G. to emphasize that the court must apply the offense guideline for the statute at conviction.  Particularly the purpose of the amendment was to clarify when the enhanced penalties in §2D1.2 were to apply.  Section 2D1.2 pertains to drug offenses occurring near protected locations or involving underage or pregnant individuals.  The amendment clarified that for the enhanced penalties in §2D1.2 to apply, the defendant must be convicted of an offense referenced to §2D1.2 rather than to simply have engaged in conduct described by that guideline <u>See Reason for Amendment, Amendment 591, U.S.S.G.</u>

    Defendant **was not** sentenced pursuant to §2D1.2 and Defendant **was** sentenced on the offenses of conviction.  This amendment has absolutely nothing to do with Defendant's case,

Defendant's sentencing, or Defendant's guideline calculations. Because the Court finds Amendment 591 does not apply to Defendant, the Court will not address the issue of whether or not this amendment is retroactive to Defendant's sentencing.

Defendant's Petition for Sentence Reduction pursuant to 18 U.S.C. §3582(c)(2) is DENIED.

Done and ordered in Tampa, Florida this 5th day of May, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies: James Sampson, Pro se